## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THINKGLOBAL, INC.<br>3 Olive Street<br>Northampton, MA  01060 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | Civil Action No._____ |
| U.S. DEPARTMENT OF COMMERCE<br>1410 Constitution Ave., NW<br>Washington, DC  20230 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
552, as amended, as well as agency FOIA regulations, 15 CFR § 4.1 *et seq*. challenging
the failure of the United States Department of Commerce ("Commerce") and its
component, the International Trade Administration ("ITA") to fulfill the requests for
information made from 2011 to present by Think Global, Inc. ("ThinkGlobal").

2.  This case seeks declaratory relief that defendant is in violation of the FOIA for
failing to fulfill plaintiff's requests for records,  injunctive relief that defendant
immediately and fully comply with plaintiff's requests under the FOIA and a written
order referring this matter to the Office of Special Counsel pursuant to 5 U.S.C. §
552(a)(4)(F).

**JURISDICTION AND VENUE**

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Plaintiff ThinkGlobal is a publishing company based in Northampton, Massachusetts.  ThinkGlobal publishes Export USA, a trade magazine and website that reaches over 250,000 exporters and international buyers, in print and online at http://www.think/global/exusa.  ThinkGlobal also publishes the Florida Export Guide (Florida.Think.Global), the California Export Guide (California.Think.Global), the Texas Export Guide (Texas.Think.Global), and the Louisiana Export Guide (Louisiana.Think.Global).  ThinkGlobal also contributes news articles and analysis to numerous publicly available news and information outlets, including magazines and websites.  In December 2016, ThinkGlobal launched the USA Trade Guide, which is focusing on foreign direct investment, importing and exporting.

5.  Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f). ITA is a component of Commerce.  Defendant Commerce, through its component, ITA is the federal agency with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency

personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5

U.S.C. § 552(a)(4)(F).

12. The Commerce Department has FOIA regulations mandating its requirements

to respond to FOIA requests.  15 C.F.R. § 4.1 *et. seq.*

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Request 1 – ITA-2012-00027

13. By letter dated December 20, 2011 by undersigned counsel, ThinkGlobal

submitted a straight forward request via email for certain information in the International

Buyers Program from the Department of Commerce.  Specifically, plaintiff sought[1]:

> 1. A list of all participants in the International Buyer Program delegations
> for FY 2009, 2010, 2011, and YTD for FY 2012, including Participant
> Name, Title, Company Name, Address, Country, Industry Sector, Phone,
> Fax, E-mail address, Name of Show They Participated In, Contact Name,
> Phone Number and E-Mail Address, Name and Date of International
> Buyer Program Show;

> 2. A list of all trade show applicants to the International Buyer Program
> for FY 2006-2012, including those that were not selected for the program,
> including Primary Contact Name, Title, Company/Organization Name,
> Address, Country, Industry Sector, Phone, Fax, E-mail Address, Name of
> Show, Date of Show, Status of whether or not accepted into the
> International Buyer Program; and

> 3. A list of all U.S. companies included in Export Interest Directories for
> all trade shows participating in the International Buyer Program for FY
> 20016-2012; including Primary Contact Name, Title,
> Company/Organization Name, Address, Country, Industry Sector, Phone,
> Fax, E-mail Address, Name of Show, Date of Show, Primary Commercial
> Service, Contact Name, Phone Number and E-Mail Address.

14. Plaintiff sought to be classified as a member of the news media for the request

and demonstrated how it fit into this category, and stated that it had previously been

---

[1] Plaintiff had previously sought and been provided this information for earlier years by
the Department of Commerce.

classified as media in connection with earlier FOIA requests.  Plaintiff also sought a fee

waiver as it believed that the requested information was in the public interest.

15. After delaying action on the request, ITA responded to the request on August

29, 2013.  ITA's FOIA Officer, Justin Guz denied the request by stating that no records

existed for items 1 and 2 of the request.  ITA released certain records pursuant to Item 3

of the request, but denied certain of those records pursuant to Exemption 4 of the FOIA.

ITA provided administrative appeal rights.

16. By letter dated September 16, 2013, plaintiff filed an administrative appeal of

the ITA action on the FOIA request.  Plaintiff demonstrated with specificity why records

did indeed exist pursuant to Items 1 and 2 of the request.  Further, plaintiff established

why Exemption 4 did not apply to the withheld material.

17. By letter dated September 19, 2013, Sarah Schwartz, an Attorney Advisor in

the Department of Commerce's Office of General Counsel acknowledged plaintiff's

FOIA appeal.  Ms. Schwartz provided her phone number and stated "if you have any

questions about this matter, you may contact me."

18. During the pendency of the appeal in 2014 and 2015, plaintiff's counsel

discussed the status of the matter with Ms. Schwartz.  Ms. Schwartz stated that in

reviewing the matter, records had been located and they were waiting for ITA to process

the material prior to making a final decision on the appeal.

19. At some point in late 2015 or 2016, plaintiff's counsel was informed that the

appeal had been reassigned and was told the new Office of General Counsel's contact

person was Alice McKenna.  Ms. McKenna stated to plaintiff's counsel that the matter

was in her pending appeal backlog.

20. Upon information from a contract matter brought by plaintiff in the United States Civilian Board of Contract Appeals[2], it has been discovered that ITA always had possession of responsive material but knowingly misled plaintiff in responding to its FOIA request by claiming that it had no records to Items 1 and 2 of the request. The information is an email from Gary Rand, an executive in ITA, instructing the ITA FOIA Office that while there are responsive records, Mr. Guz should provide a no records responsive to plaintiff.

21. The administrative appeal has not been resolved as of the date of the filing, nor has any supplemental release of information on this request been made. The request has now been pending for five years.

### Request 2 – ITA-2015-000053

22. By letter dated October 9, 2014, plaintiff submitted a FOIA request to ITA "for all contact information about District Export Council members contained in the records, including but not limited to Name of DEC, Company Name, Contract Name, Title, Address, Phone Number, Fax Number, E-mail address, Web URL."

23. By letter dated October 9, 2014, ITA acknowledged plaintiff's request and assigned it FOIA number ITA-2015-000-153

24. By email dated August 24, 2016, ITA released certain information responsive to plaintiff's request. However, ITA withheld certain information pursuant to FOIA Exemption 6.

25. By letter dated August 31, 2016, plaintiff via undersigned counsel, administratively appealed the withholding of the commercial information pursuant to FOIA Exemption 6.

---

[2] Docket No. CDCA No. 4410

26. By email dated September 14, 2016, the Department of Commerce's Office of General Counsel acknowledged plaintiff's appeal and notified plaintiff that the matter had been assigned to Attorney Advisor Alvin Chua.

27. The administrative appeal has not been resolved by the Office of General Counsel as of the date of this complaint.

### Request 3 – ITA-2015-002023

28. By letter dated January 14, 2015, plaintiff via counsel submitted a FOIA request to ITA for "all records contained in the U.S. Commercial Service and/or International Trade Administration's Client Tracking System ("CTS") database and/or Client Management System, a global organizational database used for tracking U. S. exporters and foreign buyers."[3]

29. The request specified that the request was for "records for both exporters (from the U.S. Commercial Service Office of Domestic Operations and its field offices) and international buyers from the U.S. Commercial Service Office of International Operations (and its field offices). " The request also specified that it sought "the following information from this database:  Primary Key (from the company table), Prefix, First Name, Last Name, Title, Company, Street, City, State/Province, Zip/Postal Code, Country, Phone, Fax, Email Address, Website Address, Commercial Service Post, Commercial Service Contact, District, Industry, Product Description, Harmonized System ("HS") Classification and/or NAICS Classification, and Date the record was last updated."[4]

---

[3] Plaintiff believes this database is now being managed through the Salesforce.com platform.

[4] This same information, for earlier years, had previously been released in full by the Department of Commerce.

30. Plaintiff sought to be classified as a member of the media for fee purposes.

31. By email dated November 2, 2015, ITA acknowledged plaintiff's request and assigned it FOIA number ITA-2015-002023.

32. By letter dated September 1, 2016, ITA responded to plaintiff's request. ITA released some information but withheld certain information pursuant to FOIA Exemption 4 and 6.

33. By letter dated September 13, 2016, plaintiff appealed ITA's withholding of information pursuant to FOIA Exemptions 4 and 6. Plaintiff noted that an earlier request for the same information during an earlier time frame (ITA FOIA 11-006) had resulted in a full release of the information. Plaintiff also established why the information was not subject to the claimed exemptions.

34. By email dated September 20, 2016, The Department of Commerce's Office of General Counsel acknowledged plaintiff's appeal. Plaintiff was notified that the matter was assigned to Senior Counsel Alice McKenna

35. The administrative appeal has not been resolved by the Office of General Counsel as of the date of this complaint.

### Request 4 – ITA-2016-001185

36. By letter dated May 19, 2016, plaintiff via counsel submitted a request for material similar to ITA-2012-00027.[5] Specifically, plaintiff requested:

> 1. A list of all participants in the International Buyer Program delegations for    FY 2012, 2013, 2014, 2015, 2016, and Year-To-Date as of the date this request is processed, including: Participant Name, Title, Company Name, Address, Country, Industry Sector, Phone, Fax, E-mail address,

---

[5] This same information, for earlier years, had previously been released in full by the Department of Commerce.

Name of Show They Participated In, Contact Name, Phone Number and E-Mail Address, Name and Date of International Buyer Program Show;

2. A list of all trade show applicants to the International Buyer Program for FY 2012-2017, and Year-To-Date as of the date this request is processed, including those that were not selected for the program, including: Primary Contact Name, Title, Company/Organization Name, Address, Country, Industry Sector, Phone, Fax, E-mail Address, Name of Show, Date of Show, Status of whether or not accepted into the International Buyer Program; and

3. A list of all U.S. companies included in Export Interest Directories for all trade shows participating in the International Buyer Program for FY 2012-2016, and Year-To-Date, as of the date this request is processed; including: Primary Contact Name, Title, Company/Organization Name, Address, Country, Industry Sector, Phone, Fax, E-mail Address, Name of Show, Date of Show, Primary Commercial Service Contact Name, Phone Number and E-Mail Address.

37. Plaintiff sought to be classified as a member of the news media for this request. Plaintiff also sought a public interest fee waiver for the requested material.

38. By email dated May 20, 2016, ITA acknowledged plaintiff's request and assigned it FOIA number 2016-001185.

39. By letter dated November 18, 2016, ITA denied plaintiff's request in full by stating that "[w]e conducted a thorough search for all three lists and none were located. The Department has no obligation to create, compile, or obtain from outside the Department a record to satisfy a request."

40. By letter date November 23, 2016, plaintiff administrative appealed ITA's denial of its plaintiff's request.

42. By email dated December 5, 2016, The Department of Commerce's Office of General Counsel acknowledged plaintiff's appeal. Plaintiff was notified that the matter was assigned to Alvin Chua, Attorney.

43. The administrative appeal has not been resolved by the Office of General

Counsel as of the date of this complaint.

## Request 5 – December 1, 2016

44. By letter dated December 1, 2016, via counsel, plaintiff sought certain information

concerning records from the U.S. Dept. of Commerce, Select USA Program.  Specifically,

plaintiff sought:

> 1.) All Contact information registrants, speakers and participants in the Select USA Investment Summits in 2013, 2015 and 2016, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 2.) All Contact information for all industry contacts in the United States and overseas, 2012- YTD, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 3.) All Contact information for all attendees at all Select USA investment missions and road show events, 2012- YTD, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 4.) All Contact information for all attendees and participants at all Customized Promotion Events, 2012- YTD, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 5.) All Contact information for all attendees and participants at all Customized Promotion Events 2012- YTD, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 6.) All Contact information for all attendees and participants at all Trade Shows and Industry Events, 2012- YTD, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 7.) All Contact information for all economic development organizations (EDO's), both in the US and overseas, in the Select USA database, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

> 8.) All Contact information for all service providers and media in the Select USA database, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry;

9.) All Contact information included in Select USA CRM database, including Name, Title, Address, Phone, Fax, E-Mail, URL and Industry; and

10.) All data related to site availability in the United States that is in the Select USA database.

45.   Plaintiff sought to be classified as a member of the news media for this request.  Plaintiff additionally sought a fee waiver on this request as the information sought was in the public interest.

46.   By letter dated December 21, 2016, defendant denied plaintiff's request for a fee waiver.  Defendant also denied classifying plaintiff as a member of the news media. Defendant stated, without any substantiation, that "[w]e believe that the information would aid non-journalistic activities and be used to accrue advertising revenues.  Further, the public interest in the records sought does not appear to outweigh ThinkGlobal's commercial interest in them."  Defendant stated that the request would cost $113,900.00 to process.

47. By letter dated January 6, 2017, plaintiff appealed the denial of the fee waiver, the classification of ThinkGlobal as a commercial requester and the estimated cost of $113,900 to process the request.

48.   Defendant has not responded to this request as of the date of the complaint.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
**(Failure to Conduct an Adequate Search)**

49.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

50.   Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Commerce's published rules.

51.  In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

52.  Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

53.  Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

## CLAIM TWO
### (Failure to Produce Records Under the FOIA)

54.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

55.  Plaintiff properly asked for records within defendant's control.

56.  Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

57.  Defendant has not produced all the records responsive to plaintiff's FOIA requests.

58.  Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests of December 23, 2011, October 19, 2014, January 14, 2015, May 19, 2016 and December 1, 2016 ;

(2)  Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA requests;

(5) Order a disciplinary investigation of defendant's entire FOIA operations pursuant to 5 U.S.C. § 552(a)(4)(F).

(6) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff